UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | |
|---|---|
| RICKY W. MINK, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 13-CV-023-HRW |
| ) | |
| V. ) | |
| ) | |
| WARDEN JOSEPH MEKO, et al., ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Ricky W. Mink is an inmate confined at the Little Sandy Correctional Complex in Sandy Hook, Kentucky. Proceeding without an attorney, Mink has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Warden Joseph Meko; Correctional Officer Ryan Savage; Correctional Officer Joseph Howard; A.P.R.N. Carol Cornet; and Warden David Green, claiming that these prison officials have violated his constitutional rights. [D. E. No. 4] For relief, Mink seeks $100,000 in compensatory damages and requests that the employment of Warden Joseph Meko, C/O Ryan Savage, and C/O Jason Howard be terminated. [D. E. No. 4, p. 8]

Mink has also moved to pay the $350.00 filing fee in installments pursuant to 28 U.S.C. § 1915(b)(1), supported with the required documentation. [D. E. No. 1]

The Court has reviewed the fee motion and will grant the request on the terms established by 28 U.S.C. § 1915(b).

The Court must conduct a preliminary review of Mink's complaint because he is being granted permission to pay the filing fee in installments and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Mink's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Having reviewed the complaint, the Court must dismiss it because it is premature.

## FACTUAL BACKGROUND

Mink states that he has had three heart attacks and that he most recently had coronary by-pass surgery in August of 2012. [D. E. 4, p. 2] On the evening of December 11, 2012, he was experiencing chest pain and went to the LSCC's medical department for examination. *Id.* Mink states that R. N. Faith Webster performed an

electrocardiogram on him and a finger stick. She then consulted with another nurse, A.P.R.N. Carol Cornet. The consensus was that Mink was having "excursions" and that he should be placed in medical observation. *Id.*, p. 3. Mink states that he refused to be placed in medical observation and refused any and all medical treatment. Mink states that he also asked for a D.N.R. (presumably, "do not resuscitate"). *Id.* Mink states that LSCC Correctional Officers Ryan A. Savage and Jason S. Howard then informed him that he had to go to the Special Management Unit ("SMU"), where the medical observation area is located. In response, Mink refused to go to the SMU and told the correctional officers that they would have to make him go there. *Id.* In response to Mink's refusal, he states that Savage and Howard grabbed him, sprayed him with pepper spray, wrestled him to the floor, hand-cuffed him, and took him to the SMU. *Id.*

The next day, Mink was charged with two prison disciplinary offenses, Violent Demonstration and Making Threatening or Intimidating Statements. [D. E. No. 1, pp. 8-11] The Adjustment Committee heard these charges on December 17, 2012. Mink waived his presence at the hearing, waived legal aide, and changed his plea to guilty. The first charge (Violent Demonstration) was changed to Eluding or Resisting Apprehension, for which Mink was sanctioned with 60 days in disciplinary segregation and the loss of 90 days of good time credits. On the second charge

3

(Making Threatening or Intimidating Statements), Mink was sanctioned with 45 days in disciplinary segregation to run concurrently with the other sanctions. [D. E. No. 1, p. 10]

Mink appealed the Adjustment Committee's decision to the Warden. On January 3, 2013, Warden James D. Green denied Mink's appeal and affirmed the Adjustment Committee's decision, explaining that while an inmate can refuse medical attention, an inmate cannot refuse a housing assignment, cannot threaten staff, and cannot resist officers who are escorting an inmate. [D.E. No. 1, pp. 9, 11] There is no indication that Mink appealed the Warden's decision to the Kentucky Department of Corrections or that his convictions of these prison offenses have been overturned.

## DISCUSSION

The record establishes that Mink's complaint is premature. The Supreme Court of the United States first explained the availability of relief via a civil action in *Heck v. Humphrey*, 512 U.S. 477 (1994), writing as follows:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, **a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not**

4

> **cognizable under §1983.** Thus, when a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. at 486-87 (emphasis added). This has been called the "favorable termination rule."

In *Edwards v. Balisok,* 520 U.S. 641 (1997), the Supreme Court applied *Heck* in a challenge to a disciplinary proceeding where, as here, the prisoner-plaintiff lost good time credits. The Court held that *Heck* barred the prisoner's due process claims, which would have necessarily implied the invalidity of the conviction. Therefore, he could not bring his civil lawsuit until and unless the favorable termination rule had been satisfied, *i.e.*, the prison disciplinary conviction was reversed. *Id.* at 646.

In this case, an adjudication in Mink's favor would undermine the validity of his prison disciplinary convictions, and his complaint is therefore premature. *Jennings v. Mitchell*, 93 F. App'x 723, 725 (6th Cir. 2004) (Eighth Amendment claim regarding guards' use of pepper spray was barred under *Edwards* where prisoner was found guilty of disobeying a direct order to exit his cell); *Orange v. Ellis*, 348 F. App'x 69, 72 (5th Cir. 2009) ("Until Orange can show that his disciplinary charges have been overturned, the court cannot redress the excessive force claim under

Section 1983.") He must first challenge the prison disciplinary convictions and, most importantly, be successful. If, and only if, the prison disciplinary convictions are invalidated, may he bring a civil action for the harm caused by the convictions and penalties.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. Mink's motion to pay the filing fee in installments [D. E. No. 4] is **SUSTAINED**. Section 1915(b)(1) requires a prisoner-plaintiff to pay the $350 filing fee for a civil action as set forth below.

2. Within 28 days, Mink must pay **$1.33** to the Clerk of the Court as an initial partial filing fee. 28 U.S.C. § 1915(b)(1)(A).

3. The Clerk of the Court shall open an account in Mink's name for receipt of the filing fee. The Clerk shall complete a Notice of Payment Form (Form EDKy 525) with (a) Mink's name, (b) his inmate registration number, and (c) this case number. The Clerk shall serve a copy of this Order and the Notice of Payment Form upon the Jailer/Warden of the institution in which Mink is currently confined and upon the Office of the General Counsel for the Department of Corrections in Frankfort, Kentucky.

4. After the initial partial filing fee is paid, each month Mink's custodian shall send the Clerk of the Court a payment in an amount equal to 20% of his income for the preceding month out of his inmate trust fund account, but only if the amount in the account exceeds $10. The custodian shall continue such monthly payments until the entire $350 filing fee is paid. 28 U.S.C. § 1915(b)(2).

5. Plaintiff Ricky W. Mink's complaint [D. E. No. 4] is **DISMISSED WITHOUT PREJUDICE.**

6. The Court shall enter an appropriate judgment.

7. This matter is **STRICKEN** from the active docket.

This 12th day of March, 2013.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge